UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY WOLF,

                Plaintiff,                       Hon. Jane M. Beckering

v.                                           Case No. 1:21-cv-904

ROSS SHAVALIER, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 51).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action on October 25, 2021, against Ross Shavalier and Ryan Edgerle.   (ECF No. 1).   On March 22, 2022, Plaintiff amended his complaint to add Kyle Dunham as a defendant.   (ECF No. 11).   In his amended complaint, Plaintiff alleges the following.

On September 21, 2018, Plaintiff was "booked into the Kent County Jail."   On October 24, 2018, Deputy Dunham "received authorization to write Plaintiff up for Vulgar/Obscene language, and to set up a move within the jail with the classification

deputy."    Plaintiff was instructed to "pack his belongings and was reportedly taking an extremely long time to pack his property."    When Deputy Shavalier instructed Plaintiff to exit his cell and "place his hands on the wall for transfer," Plaintiff simply "continued to pack his belongings."    In response, Deputies Shavalier and Edgerle "threw Plaintiff against the wall of the cell with enough force to break his tooth, and handcuffed him."

Plaintiff alleges that Defendants Dunham, Shavalier, and Edgerle employed "excessive and wanton force" against him in violation of his Eighth Amendment rights. Defendants now move for summary judgment.    Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary.    *See* W.D. Mich. LCivR 7.2(d).

## LEGAL STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."    Fed. R. Civ. P. 56(a).    Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."    *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."    *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).    Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence,

which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."   *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).   Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."   *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   *Daniels*, 396 F.3d at 735.   Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

A.    Eighth Amendment Claims

The Court dismissed without prejudice Defendants' initial motion for summary judgment.    (ECF No. 45).    As the Court observed, claims of excessive force are analyzed under different standards depending on the individual's status in the criminal justice system.    Specifically, claims by arrestees, pretrial detainees, and convicted prisoners are analyzed under the Fourth, Fourteenth, and Eighth Amendments, respectively. *See, e.g., Hale v. Boyle County*, 18 F.4th 845, 852 (6th Cir. 2021).

As the Court further observed, because Plaintiff's characterization within the criminal justice system, at the time of the relevant events, was not apparent, the Court could not resolve Defendants' motion.    Accordingly, the Court dismissed Defendants' motion without prejudice and afforded Defendants' fourteen days to refile their motion. The Court further instructed the parties to "address, and support with evidence as necessary, the question whether Plaintiff was properly characterized as an arrestee, pretrial detainee, or convicted prisoner at the time of the events giving rise to this action."

In their subsequent motion for summary judgment, Defendants asserted that Plaintiff was properly characterized as a pretrial detainee when the relevant events took place.    (ECF No. 52 at PageID.458).    Plaintiff agreed with this characterization. (ECF No. 54 at PageID.546).    The evidence submitted by Defendants indicates that prior to the events giving rise to this action, Plaintiff had been arraigned and been

afforded a probable cause hearing.    (ECF No. 52 at PageID.473).    Accordingly, Plaintiff

was properly characterized, as of October 24, 2018, as a pretrial detainee whose excessive

force claims are analyzed pursuant to the Fourteenth Amendment.    *See Guy v.*

*Metropolitan Government of Nashville and Davidson County, Tennessee*, 687 Fed. Appx.

471, 474 n.3 (6th Cir., Apr. 25, 2017).

As alluded to above, determining Plaintiff's status within the criminal justice at

the time of the relevant events is necessary because of the differing standards that apply.

Previously, excessive force claims asserted by pretrial detainees were analyzed pursuant

to the same Eighth Amendment standard applied to claims asserted by convicted

prisoners.    *See Hale*, 18 F.4th at 852.    Pursuant to this standard, the Cort undertook a

two-part inquiry.    The initial question is, objectively, whether the individual suffered

pain or deprivation "sufficiently serious" to implicate the Eighth Amendment.    *See*

*Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).    If so, the defendant's subjective mindset

must be assessed.    Specifically, the relevant inquiry is "whether force was applied in a

good faith effort to maintain or restore discipline or maliciously and sadistically for the

very purpose of causing harm."    *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).

Following the decision by the Supreme Court in *Kingsley v. Hendrickson*, 576 U.S.

389 (2015), however, the analysis applicable to excessive force claims has diverged.

Specifically, the Court now applies a different analysis to excessive force claims asserted

by pretrial detainees.    First, it must be determined whether the defendant purposefully,

knowingly, or recklessly "engaged in the alleged physical contact with the detained

person." *Hale*, 18 F.4th at 852. With respect to this prong, "[m]ere negligence or accident will not suffice." Second, it must be determined whether the defendant's use of force was "objectively unreasonable." This is a "totality-of-the-circumstances analysis [which] hinges on the perspective of a reasonable officer on the scene and must account for the government's interests in prison management." *Ibid.*

In his amended complaint, Plaintiff alleges that Defendants subjected him to excessive force in violation of his Eighth Amendment rights. But, because Plaintiff was a pretrial detainee when the events giving rise to his claims occurred, the Eighth Amendment can afford Plaintiff no relief. The Court expressly put Plaintiff on notice to this fact in its Order dismissing without prejudice Defendants' initial motion for summary judgment. Despite being so notified, Plaintiff, who is represented by counsel, failed to move to amend his complaint but instead opted to continue pursuing inapplicable and non-viable claims. Because Plaintiff simply cannot obtain relief pursuant to the Eighth Amendment, the undersigned recommends that Defendants' motion for summary judgment be granted. This is a sufficient basis to grant Defendants relief and terminate this action. Nevertheless, the Court will also analyze Plaintiff's claims under the appropriate standard, as the result is the same.

B.    Plaintiff's Deposition Testimony

In his amended complaint, Plaintiff alleges that Defendants Edgerle and Shavalier arrived at his cell and ultimately "threw him] against the wall of his cell with enough force to break his tooth." (ECF No. 11 at PageID.37). At his deposition,

however, Plaintiff described the relevant events very differently.    Specifically, Plaintiff testified as follows.

On the date in question, Plaintiff and his cellmate, Darryl Yarber, were in their cell.  (ECF No. 54 at PageID.577-78).    At some point, Defendant Dunham, via the intercom system located in the cell, informed Plaintiff and Yarber that they would be disciplined for failing to identify themselves during head count.    (*Id.* at PageID.578).  Yarber responded by "cussing [Dunham] out."    (*Id.*).    Dunham then ordered Plaintiff and Yarber to "pack up [their] stuff" because they were both "going to the hole."    (*Id.*).  Plaintiff refused to comply with the order to pack his belongings.    (*Id.* at PageID.603).

Shortly thereafter, Defendants Edgerle and Dunham arrived at Plaintiff's cell. (*Id.* at PageID.579, 589-92, 595).    Defendant Shavalier was not present during this encounter.    (*Id.* at PageID.592-94).    Defendant Dunham instructed Plaintiff to "put [his] hands behind his back" so that he could be handcuffed.    (*Id.* at PageID.596-97).  Plaintiff refused to comply with this instruction, however.    (*Id.* at PageID.597).    In response, Defendant Edgerle grabbed Plaintiff's left arm, twisted it behind Plaintiff's back, and placed a handcuff on Plaintiff's wrist.    (*Id.* at PageID.597-99).    Plaintiff then attempted to give his right arm to Defendant Dunham who instead took Plaintiff's head and smashed it into the wall.    (*Id.* at PageID.599-600).

C.    Defendant Edgerle

Defendant Edgerle is entitled to summary judgment for two reasons.    First, in his amended complaint, Plaintiff alleges that the excessive force to which he was

-7-

subjected was having his head slammed against the wall.    Plaintiff makes no allegation that any Defendant grabbed and twisted his arm.    At his deposition, however, Plaintiff testified that it was Dunham, not Edgerle, who slammed his head against the wall. Defendant Edgerle likewise testified that he did not slam Plaintiff's head against the wall.    (ECF No. 52 at PageID.533-37).    Thus, Plaintiff has failed to present or identify any evidence supporting the allegation in his complaint that Defendant Edgerle violated his rights by slamming his head against the wall.    Accordingly, Defendant Edgerle is entitled to summary judgment.    Moreover, even if the Court examines the conduct about which Plaintiff testified, the result is the same.

Plaintiff testified that he refused to comply with the instruction to pack his belongings.    Plaintiff further testified that after Defendants Dunham and Edgerle arrived at his cell, he refused to comply with the instruction to place his hands behind his back so that he could be handcuffed.    According to Plaintiff, Edgerle responded by grabbing his left arm and twisting it behind his back so that handcuffs could be applied. By grabbing Plaintiff's arm, Edgerle appears to have satisfied the first prong of the analysis.    But Plaintiff's own testimony fails to establish that Edgerle's conduct was objectively unreasonable.    As noted above, when assessing the reasonableness of Edgerle's actions, the Court must consider "the perspective of a reasonable officer on the scene and must account for the government's interests in prison management."    Given Plaintiff's admitted refusal to comply with the order to pack his belongings and the subsequent order to place his hands behind his back so that could be handcuffed,

Defendant Edgerle's response was not objectively unreasonable under the circumstances. Accordingly, the undersigned recommends that Defendant Edgerle's motion for summary judgment be granted.

D.    Defendant Shavalier

In his amended complaint, Plaintiff alleges that Shavalier slammed his head against the wall. At his deposition, however, Plaintiff testified that Shavalier was not involved in the incident in question. Defendant Shavalier testified at his deposition that he did not slam Plaintiff's head against the wall. (ECF No. 52 at PageID.526-28). Thus, Plaintiff has failed to present or identify evidence supporting the allegation in his amended complaint that Shavalier slammed his head against the wall or otherwise subjected him to excessive force. Accordingly, the undersigned recommends that Defendant Shavalier's motion for summary judgment be granted.

E.    Defendant Dunham

In his amended complaint, the only factual allegation that Plaintiff makes against Defendant Dunham is that he charged Plaintiff with a misconduct violation and directed that Plaintiff be moved to another part of the jail. Plaintiff asserts that this conduct somehow constituted excessive force. Defendant Dunham asserts that he is entitled to qualified immunity. The Court agrees.

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). They can do so only if they reasonably can anticipate when their

conduct may give rise to liability for damages and if unjustified lawsuits are quickly terminated.   *Ibid.*   When government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.   *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996).

Where a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff "to demonstrate both that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.'"   *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (quoting *al-Kidd*, 563 U.S. at 741.   Plaintiff has failed to identify any authority holding, or even suggesting, that charging an inmate with a misconduct violation and then instructing that the inmate be moved to a different location in the jail constitutes excessive force.   The Court has likewise failed to locate any such authority.   Accordingly, the undersigned recommends that Defendant Dunham's motion for summary judgment be granted.

The Court recognizes that Plaintiff testified at his deposition that Dunham slammed his head against the wall.   This testimony is not relevant, however, to the claims and allegations asserted in Plaintiff's amended complaint.   While Plaintiff, who is represented by legal counsel, could have moved to amend his complaint to conform to his deposition testimony, he failed to do so.   Plaintiff has likewise failed to identify

authority supporting the proposition that his complaint is amended, automatically, to conform to deposition testimony or other evidence which is inconsistent with the allegations in his complaint.  Moreover, this is not merely an academic point or an attempt to unreasonably split hairs.  Every defendant is entitled to fair notice of the allegations and charges against which he must defend.  *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It is well understood that a defendant, when seeking to understand what charges and allegations he must defend, looks to the plaintiff's complaint.  Stated differently, Defendant Dunham must defend against the allegations in Plaintiff's amended complaint, not new theories and/or claims asserted during a deposition where no attempt to properly amend the complaint to conform thereto is even attempted.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 51) be granted and this action terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to

appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 26, 2023                      /s/ Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge